221 P.2d 563

REINECKE v. MITCHELL et al.
No. 5219.

Supreme Court of New Mexico.
Aug. 1, 1950.

Rehearing Denied Sept. 5, 1950.

O. O. Askren, Richard G. Bean, Roswell, for appellants.

G. L. Reese, Sr., N. R. Reese, Roswell, for appellee.

SADLER, Justice.

The appellants who were defendants below seek the review of a judgment against them in favor of appellee rendered by the District Court of Chaves County on account of hay delivered under a contract of purchase between the parties. The amount of the judgment is $1,203.66. It was entered on findings of fact and conclusions of law which were made and filed following a trial before the court without a jury.

While five assignments of error are made, counsel for appellants reduce them to a single point for purposes of argument, namely, the admission in evidence of certain weight tickets said to cover the hay delivered under each. If the trial court correctly ruled upon the objections interposed to the admission of these weight tickets, the judgment is proper and should be affirmed. Otherwise, an order of reversal with direction to the trial court to award a new trial must follow.

The hay which was the subject of the sale agreement was located in appellee's barn near Dexter, New Mexico, and was to be paid for at the rate of $27.00 per ton. The appellants were to take all the hay stored in the barn. It was to be called for by appellants' truckers as needed, weighed, and then delivered by them to the feed lots of appellants at Roswell. Upon delivery the trucker would leave a white weight ticket covering the load at the appellants' office, or with the foreman at the feed lots. The appellee upon seeing, or learning from his farm hand, that hay had been removed would make an entry of the date in his pocket day book, then go to

the office of the company on whose scales the hay was weighed and get a pink weight slip, being a carbon copy of the white weight slip given to defendants when the hay was delivered at their feed lot. The weight of the load would be taken from this weight slip and placed in the day book. It was data from this book that he used to refresh his recollection while testifying.

The pink weight tickets or slips, Plaintiff's Exhibits 1 to 9, covering nine (9) separate truckloads of hay, after being identified by appellee, were admitted in evidence over objections interposed by counsel for appellants that they were hearsay and did not represent the best evidence; that the original weigher should be produced to identify the truck driver so that it could be ascertained whether he was an agent of appellants. Upon demand, the appellants failed to produce the original weight slips of which the exhibits were carbon copies. Indeed, they claimed to have no record of the receipt by them of the loads of hay represented by these nine weight slips. The trial court held them admissible in evidence and that they made out a prima facie case which the appellants (defendants) had failed to overcome. The two loads for which weight slips were not produced, whose weights had been properly estimated, were admittedly received by defendants. There is no controversy about them.

It should be stated that the appellants had paid to the appellee on account of hay purchased and delivered between October 18, 1945, and March 10, 1946, under the contract in question, the sum of $2,970. Accordingly, the controversy between them relates only to the eleven (11) truckloads involved in this action, as to two of which, as just said, there is no real dispute.

Did the trial court err in admitting in evidence the plaintiff's Exhibits 1 to 9? This is the decisive, indeed the only, question presented. We think there was no error. The appellants cite and rely upon precedents such as Price v. Garland, 3 N. M. (B. W. Co., Gild.) 336, 3 N.M. (E. W. S., Gild.) 505, 3 N.M. (John.) 285, 6 P. 472; Oklahoma Hay & Grain Co. v. T. D. Randall & Co., 66 Okl. 277, 168 P. 1012, and Davis v. Graham, 31 Wyo. 239, 225 P. 789. They apply the strict common-law rule touching the admissibility in evidence of books of account and commercial records as to verification and authenticity. Counsel for appellee do not question that such was the rule until the adoption in various states of the so-called Model Act governing the introduction in evidence of entries from books of account and other records made in due course of business. An extended discussion of the mass of technical requirements surrounding the introduction in evidence of books of account and entries from other records would serve no useful purpose. Suffice it to say that

these requirements in course of time had become so burdensome that relief was sought by resort to legislation resulting in the adoption by many states of a Model Act making such entries admissible as prima facie evidence of the transactions they record upon proper identification and proof that they were made in the regular course of business. 5 Wigmore on Evidence, 3d Ed., 361, § 1520.

It was not until 1945 that the legislature of New Mexico acted to give this state the benefit of such needed legislation. It was done by enacting almost verbatim the proposal of a Committee of experts appointed by the Commonwealth Fund of New York of a Model Act for "Proof of Business Transactions." Our Act reads:

"In any court of this state, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of said act, transaction, occurrance, or event, if it shall appear that it was made in the regular course of any business, and that it was the regular course of business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including legal or personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term 'business' shall include business, profession, occupation and calling of every kind." L. 1945, c. 15, 1941 Comp., § 20-219.

No question was raised as to the proper identification or authenticity of the weight slips. They appear to have been made in the regular course of business. Under such circumstances the statute makes them admissible and they are entitled to prima facie effect. The objection that they are hearsay cannot be sustained in view of the language of this statute. Landay v. United States, 6 Cir., 108 F.2d 698; Ulm v. Moore McCormick Lines, 2 Cir., 115 F.2d 492; Doyle v. Chief Oil Co., 64 Cal.App.2d 284, 148 P.2d 915.

Finding no error the judgment of the district court will be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE and COMPTON, JJ., concur.