**Thelbert Gary TICHENOR, Appellant,**

v.

**V. H. LITTLE et al., Appellees.**

No. 12781.

Court of Civil Appeals of Texas. Galveston.

April 14, 1955.

Rehearing Denied June 2, 1955.

F. Warren Hicks, Houston, for appellant.

Burris, Benton, Baker & Zwiener, and F. F. Benton, Houston, for appellees.

GRAVES, Justice.

Appellant's statement of the nature and result of the trial of this suit—by the Eleventh District Court—is conceded by

the appellees to be substantially correct, subject only to "such additions as may be necessary thereto to a proper understanding of appellees' contentions";

"This is a suit for damages brought by the parents of Larry Little, resulting from a collision between a motorcycle driven by Larry Little and an automobile driven by the defendant, Thelbert Gary Tichenor, on South Shaver Street in the City of Pasadena, Texas.

"T. G. Tichenor, the father of Thelbert Gary Tichenor, was also a Defendant, however the judgment provided that the Plaintiffs take nothing against T. G. Tichenor and as to (that) * * * Defendant the judgment of the trial court became final.

"The case was submitted to the jury and based upon the jury's verdict the court rendered judgment against the Defendant, Thelbert Gary Tichenor, and in favor of Plaintiffs as heirs at law of Larry Little, for $7073.50, consisting of (1) $911.50 for funeral expenses, (2) $162.00 for burial space and (3) $6000.00 for conscious pain and suffering.

" * * * Plaintiffs were also awarded the sum of $1600.00 for the wrongful death of Larry Little and the additional sum of $100.00 for grave marker, and $300.00 for property damage to the motorcycle."

Appellant presents his appeal herein to this Court under fourteen points of error, in three groups, No. 1 embracing points 1 to 5, inclusive; No. 2 embracing points 6, 7 and 8, and No. 3 covering points 9 to 14, inclusive.

The appellees likewise filed answering briefs to each and all of appellant's assignments, and both sides further obliged this Court in oral arguments before it upon their different approaches to the controversy.

It is held that none of appellant's presentments—in the state of the record here —should be sustained but that, to the contrary; since this Court finds that the record contains no reversible error, the trial court's judgment should be in all things affirmed.

Appellant's first group of assignments, at much length, attack the trial court's refusal to reopen the case, after both parties had rested, to belatedly permit him to introduce into evidence a copy of the death certificate of Larry Little, which recited, through the official giving it, that "the death of Larry Little occurred at 7:55 p. m. from the causes and on the date stated above." Whereas, the record otherwise showed that the death occurred at 8:45 p. m., his boiled-down criticism of the judgment in that respect being this: "so that the jury have awarded damages for (a) physical pain and suffering and (b) mental pain and suffering for a period of 1 hour and 25 minutes, when plaintiffs were only entitled to recover, if at all, for said (a) physical pain and suffering and (b) mental pain and suffering for a period of 35 minutes, as revealed by the death certificate, which was made by plaintiff, V. H. Little, and which disclosed that Larry Little died at 7:55 P.M., on the day of the accident instead of 8:45 P.M., as testified to by the said V. H. Little on the trial of said case."

The record shows that the death certificate, sought to be so introduced for his own purposes by the appellant, did not contain medical certification by the attending physician upon Larry Little, hence it was not prepared in accordance with the rules and provisions of R.S. Article 4477, Vernon's Ann.Civ.St., which details the way in which such certificates can be used; it was plainly inadmissible for the reasons indicated as tending to show the time of the death of Larry Little and since appellant offered it for all purposes, the court violated no discretion in excluding it in its entirety. Union Central Life Insurance Co. v. Boulware, Tex.Civ.App., 238 S.W.2d 722, page 726; also Service Mutual Insurance Co. of Texas v. Banke, Tex.Civ.App., 155 S.W.2d 668, 669. In the last cited case the court says: "We sustain appellant's contentions and hold that the recitals in the death certificate were inadmissible, and that having been admitted, were incompetent as evidence upon the issue of the circumstances or cause of decedent's death." See also

Folse v. Monroe, Tex.Civ.App., 190 S.W.2d 604.

■ Finally, on that point, since the statute cited requires the medical certification portion of the certificate to be filled out by the attending physician, and since that was not done in this instance, the trial court did not err in its ruling since the statutes making the death certificate admissible at all plainly contemplate that each section of it must be filled out by the person designated for that purpose by R.S. Article 4477, supra.

■ Appellant next contends, at much length, that the evidence was insufficient to support the jury's answer to Special Issue No. 46, as submitted by the court, as follows: "Do you find from a preponderance of the evidence that Larry Little was sufficiently conscious for some period of time from the moment of the collision in question to the time of his death that he was aware of any suffering, physical or mental, that he may have had, if he, in fact, had any physical or mental suffering?" The jury answered this "We do."

This Court has carefully examined the statement of facts on this subject and as a result it is unable to agree with appellant's position. According to what this Court must find to have been the time between the collision and the death of Larry Little, it is that the collision occurred at approximately 7:20 in the evening and that Larry's death occurred at 8:45 p. m.; so that his condition during the one hour and 25 minutes intervening between his injury and death is the issue involved. When the entire testimony is looked at, it seems clear to this Court that the jury had ample evidence for its finding that Larry Little was at least sufficiently conscious during, indeed, much of that fateful hour as to be aware "of suffering, physical or mental." It is not deemed necessary to detail that testimony from the several witnesses who observed him during practically the whole of that intervening period. His father's testimony alone would support the jury's finding, since he got to the scene

of the accident just as they were picking up Larry and putting him into the ambulance; he rode in the ambulance sitting right beside him during the journey from the scene of the accident to the hospital. He described the son's condition in detail and while he said his son did not speak to him during the trip, it was evident to him that he was "attempting to say something, more than once." That he was making a sound with his mouth, was groaning and gave every indication that he was not only suffering great pain but that he was making every effort to speak as against a choking condition, apparently from blood coming up in his mouth, which prevented it; that Larry raised up, sat up, pulled at his mouth, which had dirt and blood choking it up, and that it looked to him like Larry was trying to clean his mouth sufficiently to allow him to talk, but did not succeed in doing so.

It is deemed unnecessary to expand the record here of a field of testimony that went to the jury upon this inquiry which the trial court appears to have correctly submitted for its arbitrament in its Special Issue No. 46. This Court, therefore, overrules appellant's contention that such answer was unsupported and cites these, among other, authorities as sustaining its holding upon the subject: Sharpe v. Munoz, Tex.Civ.App., 256 S.W.2d 890, C.C.A., refused, NRE: Collins v. Smith, Tex.Civ. App., 170 S.W.2d 562, C.C.A., affirmed 142 Tex. 36, 175 S.W.2d 407.

■ In his concluding assignment, appellant attacks the sufficiency of the evidence to sustain the jury's award of $6,000, in answer to Special Issue No. 47, as submitted by the court, to V. H. Little and Ruby Little, as the heirs at law of their son, Larry.

There can be no doubt that the record in this cause shows that these poor parents, for practically to whole hour and 25 minutes following the terrible injury to their son, were compelled to witness his conscious pain and suffering; that they were compelled to witness his facial expressions,

denoting great pain, to hear his groaning, witness his violent movements, and generally to absorb the evidences of his terrible condition for practically the whole time from the moment of his injury to the time of his death. This evidence alone, in this Court's view, is sufficient to support the finding based upon mental suffering on the part of the deceased child.

Authorities are not wanting.

The conclusions stated require an affirmance of the judgment. It will be so ordered.

Affirmed.