308 P.2d 213

Rayburn F. SAPP, Cletus Sapp, Warren C. Sapp, a Minor, by Rayburn F. Sapp, his next friend, and Francine R. Sapp, a Minor, by Rayburn F. Sapp, her next friend, Plaintiffs-Appellees,

v.

ATLAS BUILDING PRODUCTS COMPANY, a Corporation, and William L. Greer, Defendants-Appellants.

No. 6162.

Supreme Court of New Mexico.

Feb. 27, 1957.

Rehearing Denied March 26, 1957.

Whatley & Oman, Edward E. Triviz, Las Cruces, for appellants.

Garland, Sanders & Martin, Las Cruces, James B. Cooney, Farmington, for appellees.

COMPTON, Justice.

This is an action for damages for personal injuries and for property damage sustained in a collision between an automobile operated by appellee, Rayburn F. Sapp, and a truck-trailer owned by appellant, Atlas Building Products Company, and operated by appellant, William L. Greer, its agent. The issues of appellants' negligence and the contributory negligence of appellee, Rayburn F. Sapp, the driver of the automobile, were tried to the jury, which returned a verdict in favor of appellees. Judgment was entered accordingly, and appellants appeal.

The primary negligence of appellants is not an issue. As will be seen later, they were negligent per se in making a right turn at the intersection of Tortugas Road and U. S. Highway 80–85 near Mesilla Park. The approach for a right turn, and the right turn, must be made as near as practicable to the right hand curb or edge of the highway. Section 64–18–21, 1953 Compilation.

The substantive facts are not in dispute. The highway runs north and south and Tortugas Road enters the highway from the southeast at an acute angle. At the intersection, it is 85 feet wide and gradually narrows down to 22 feet in width. The overall length of appellants' vehicle is 58 feet. The accident occurred August 3, 1954, at about 7:30 A.M. Both vehicles were traveling north, appellants' in front. Mrs. Sapp was riding with her husband in the front seat and the two children in the rear. For some time the Sapp automobile had been traveling between 50 and 60 miles per hour in the easterly lane. The highway is four lane and overtaking

and passing on the right is permissible. Section 64–18–11, 1953 Compilation. When Sapp was some 300 to 400 feet south of the intersection, he noticed ahead of him the truck-trailer traveling in the westerly lane at an estimated speed of 40 to 50 miles per hour. He also observed Tortugas Road to the east. The automobile continued to gain on the truck and when Sapp was about 100 to 125 feet south of the intersection, he drew alongside the trailer. And when the vehicles were some 40 to 60 feet south of the intersection, the driver of the truck turned still farther to the left, as if to make a left turn, and flashed on a "S-T-O-P" signal. Instead of making a left turn, however, the driver, without signaling, turned sharply to the right to enter Tortugas Road. Appellee instantly sounded his horn and applied his brakes, which caused him to skid a considerable distance. Seeing his precarious condition, Sapp, in an effort to avoid the accident and still thinking he might pass on the right, drove off the pavement. But the truck continued to make the right turn. The front bumper of the truck hit the Sapp automobile about the left center and with such impact that the automobile was knocked off the highway. It turned over at least once and came to rest in a field to the northeast of the intersection, thus injuring the appellees as alleged.

At the conclusion of the hearing, appellants moved for a directed verdict on the ground that appellee, Rayburn F. Sapp, was guilty of contributory negligence as a matter of law, which barred recovery. The motion was denied and the refusal of the court is urged here as fundamental error. While fundamental error has its place in this jurisdiction, State v. Garcia, 19 N.M. 414, 143 P. 1012, we say frankly there is no fundamental error in the record before us. State v. Heisler, 58 N.M. 447, 272 P.2d 660; State v. Garcia, 46 N.M. 302, 128 P. 2d 459. Nor did appellee's conduct in operating his automobile constitute contributory negligence as a matter of law; the test being where minds of reasonable men may differ as to the sufficiency of the evidence to establish a plaintiff's negligence as a proximate cause of the accident and injuries, he cannot be held guilty of contributory negligence as a matter of law. McDonald v. Linick, 58 N.M. 65, 265 P.2d 676; Zanolini v. Ferguson-Steere Motor Co., 58 N.M. 96, 265 P.2d 983; Moss v. Acuff, 57 N.M. 572, 260 P.2d 1108.

A further point urged for a reversal is in the following language: "The instructions of the court, to which proper exceptions were taken by appellants, for the reason therein set forth, were prejudicial to defendants and erroneous." We have considered the instructions given and find no error. The instructions were essential to a proper presentation of the law of the case to the jury. Le Doux v. Martinez, 57 N.M. 86, 254 P.2d 685; Lar-

sen v. Bliss, 43 N.M. 265, 91 P.2d 811; Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 15 A.L.R.2d 407; Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047. The challenged instructions 7, 8, 9, 12 and 13, of course, would have been objectionable had we held that the driver of the automobile was negligent as a matter of law.

Appellants' final point was the action of the court in admitting in evidence certain exhibits. The specific objection being "for the reason there is no proper foundation laid" for the introduction of the exhibits in evidence. These exhibits were statements of doctor bills and hospital bills of Rayburn F. Sapp, Mrs. Sapp and Francine Sapp, incurred in Santa Fe Coast Line Hospital Association at Los Angeles, after their return to California. Appellees were living in California and Mrs. Sapp testified that appellees were first hospitalized in Las Cruces, and when they left for Los Angeles, she had difficulty in walking; that Mr. Sapp was in such condition that he had to be carried on a stretcher to the train, and that there was need for further treatment and hospitalization; that on arrival in Los Angeles, she was hospitalized 19 days and Mr. Sapp 43 days, both under the care of Dr. Walters, a staff member of the hospital. She also testified as to the need of additional X-rays while in the Los Angeles hospital. Mr. Sapp testified as to the treatment given in the Los Angeles hospital by Dr. Walters, and that the exhibits offered in evidence represented the charges for services rendered while so hospitalized. He testified further that the bills had been received by him from the business manager of the Santa Fe Coast Line Hospital Association. Based on this testimony, the trial court was of the opinion the exhibits were admissible under the provisions of the Business Records as Evidence Act, Ch. 15, L.1945, § 20–2–12, 1953 Comp., and admitted them in evidence. We think the judgment as to the medical items, hospital services, X-rays, and drugs, totaling $1,376.77, as reflected by the exhibits, is unsupported by competent evidence. There is a failure of proof that the hospital records were made in the regular course of business of the institution and that it was the regular course of business of the hospital to make such record. While it appears the services rendered appellees were reasonably required, it does not follow that the charges shown on the statements submitted were made in the regular course of business or that it was the regular course of business of the hospital to make such memorandum or record, at the time of the transaction recorded, or within a reasonable time thereafter, all as required by the Act. Compare Reinecke v. Mitchell, 54 N.M. 268, 221 P.2d 563, 21 A.L.R.2d 770; Kane v. Pear, 343 Ill.App. 352, 98 N.E.2d 857.

The judgment is affirmed subject to the filing of a remittitur in the amount of $1,-

376.77; otherwise, the judgment is reversed with direction to award appellants a new trial. It is so ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.

KIKER, J., concurs in the result.