373 P.2d 827

Emma Alberta CALLAWAY, Plaintiff-Appellant,

v.

MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a Corporation, Insurer, Defendant-Appellee.

No. 6998.

Supreme Court of New Mexico.

July 6, 1962.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellant.

Benjamin M. Sherman, Ray Hughes, Deming, for appellee.

MOISE, Justice.

This is an appeal from a judgment in favor of the defendant-employer in a workman's compensation case. Trial was to a jury under the law as it existed prior to its amendment in 1959.

The first point relied on for reversal is that the trial court erred in refusing to admit a death certificate issued by a justice of the peace in Van Horn, Texas, and duly filed with the State Registrar of Texas as provided by Art. 4477, Rules 40a, 41a, and duly certified under Rule 54a, Vernon's Anno.Civ.Stat. of Texas, and properly authenticated for admission in evidence in New Mexico under § 21-1-1(44), N.M.S.A. 1953.

A brief statement of the facts will serve to demonstrate the importance of the ruling complained of. Homer Callaway, plaintiff's deceased husband, was employed by the New Mexico State Highway Commission on November 19, 1958, when it is alleged that he suffered an accident in the course of his employment. It was plaintiff's theory that on the date in question decedent suffered a heart attack as the result of his exertion on the job, and that his subsequent death on May 5, 1959, resulted therefrom.

Omitting all facts concerning what occurred between the date of the alleged injury and the date of death, it is sufficient to point out that decedent died in a motel in Van Horn, Texas, while enroute to Arkansas on a visit, and without any doctor being in attendance.

As already stated, a justice of the peace signed and filed a death certificate which

recites that the immediate cause of death was "myocardial infarction" and that the same was due to "heart failure." The death certificate further states that this "Information furnished by Doctor Billy C. Lipsey, M.D."

When the copy of the death certificate was offered, the defendant objected to its being admitted, and offered on voir dire the deposition of Dr. Billy C. Lipsey, taken on written interrogatories. This was objected to by plaintiff on the ground that no foundation had been laid for its admission under § 21–1–1(26)(d) (3), N.M.S.A.1953. The court considered the deposition on voir dire, and held the death certificate inadmissible upon determining from the deposition that Dr. Lipsey stated that he did not see decedent until some thirty minutes to one hour after his death; that he did not determine the cause of death; that he could not state the cause of death with reasonable certainty; and that he had no connection with the death certificate which was made by one P. B. Villalobos. In so ruling, it is claimed that reversible error was committed.

However, we cannot agree. The importance to plaintiff of proof of cause of death is amply clear in the light of our holding in Alspaugh v. Mountain States Mutual Casualty Co., 66 N.M. 126, 343 P.2d 697, concerning the requirement of proof of causal relationship "between the accident and the injury and between the injury and death."

It is plaintiff's position that error was committed by the court in considering the deposition of Dr. Lipsey in ruling on the admissibility of the death certificate, and in refusing to admit the death certificate. She argues that § 21–1–1(44) (a) (4), N.M.S.A. 1953, makes the certificate admissible. This section reads:

"Copies of any books, records, papers, or documents from another state authenticated under the seal of the particular officer or department having custody of the same, shall be admitted in evidence, in all judicial proceedings, equally with the originals."

However, it was not excluded because it was a copy but rather because the court felt the original would not have been admissible under this rule, since it obviously was based on hearsay. We do not think that plaintiff's claimed error based on § 21–1–1(44) (a) (4) has any merit.

Be this as it may, we note § 21–1–1(44) (d) which reads as follows:

"The courts of the state of New Mexico shall take judicial notice of the following facts:

*    *    *    *    *    *

"(3) Public and private official acts of the legislative, executive and judicial departments of this state and of

the United States, and the laws of the several states and territories of the United States, and the interpretation thereof by the highest courts of appellate jurisdiction of such states and territories."

together with Title 28 U.S.C.A. § 1739, which provides for the method of authenticating non-judicial public records and requires that "such records or books or copies thereof, so authenticated, shall have the same full faith and credit in every court and office within the United States and its Territories and Possessions as they have by law or usage in the courts or offices of the State, Territory, or Possession from which they are taken."

We accordingly examine decisions from the State of Texas in an effort to determine if the death certificate was admissible or not by virtue of the fact that it showed on its face that the statement as to the cause of death was based on hearsay.

The statute, Art. 4477, Rule 54a, Vernon's Anno.Civ.Stat. of Texas, provides that a properly certified copy of the record of death, issued in proper form "shall be prima facie evidence in all courts and places of the facts therein stated."

As long ago as 1941 it was held by the Texas Court of Civil Appeals that a death certificate signed by a justice of the peace which set forth the cause of death was not admissible or competent to prove cause of death. Service Mut. Ins. Co. of Texas v. Banke, Tex.Civ.App., 155 S.W.2d 668. This was a workmen's compensation case where decedent was found dead on the job, and a justice of the peace signed and filed a death certificate as required by law after an inquest. In the certificate admitted in evidence, it was stated that the "primary cause of death was accidental drowning" and contributory cause was "occupation," that death was "due to accident" and the "manner or means" was that "he fell into the water." Judgment for the claimant was reversed. To like effect, see Union Central Life Ins. Co. v. Boulware, Tex.Civ. App., 238 S.W.2d 722; Tichenor v. Little, Tex.Civ.App., 279 S.W.2d 379. Compare Pan American Insurance Co. v. Couch, Tex. Civ.App., 305 S.W.2d 819. The action of the court in excluding the death certificate was not error.

We arrive at this conclusion without in any way determining if the deposition of Dr. Lipsey was admissible, this question not being necessary to a decision. We would point out in passing that its consideration would not alter the decision here reached. See Pan American Life Insurance Company v. Andrews, 161 Tex. 391, 340 S.W.2d 787.

Plaintiff cites numerous cases from other jurisdictions holding that where by a statute a death certificate is made prima facie evidence of its contents it is admissible if

in statutory form and properly produced. See notes in 17 A.L.R. 366; 42 A.L.R. 1455; 96 A.L.R. 324; 28 A.L.R.2d 352. While recognizing that this position does have support in many jurisdictions, as already pointed out, we perceive that the rule to be here applied is the one adopted in Texas, and it is as hereinabove set forth.

■ Under a separate point, plaintiff argues that the payroll and time sheets showing periods when decedent worked were erroneously admitted for failure to lay a proper foundation under our business records act, § 20–2–12, N.M.S.A.1953. Without detailing the testimony produced, it is sufficient to dispose of this point to state that this section makes a record of an act admissible to establish the same upon showing that the record was made in the regular course of a business, and that it was the regular course of business to make the record at the time or within a reasonable time thereafter. Both of these requirements were met by the testimony of the witness Collins, foreman of the crew in which decedent worked. See Reinecke v. Mitchell, 54 N.M. 268, 221 P.2d 563, 21 A.L.R.2d 770. The case of Sapp v. Atlas Building Products Company, 62 N.M. 239, 308 P.2d 213, relied on by plaintiff provides no support for plaintiff's position.

Plaintiff asserts error in the trial court's refusal to permit her on cross-examination to ask an expert witness concerning the contents of a medical treatise. When Dr. Baxter, who had been decedent's physician was placed on the stand by defendants, he was asked on cross-examination concerning the symptoms of the type of heart condition for which treatment had been given by doctors who saw him and treated him later. The purpose of the examination was to establish a heart attack on November 19, 1958, at which time Dr. Baxter saw decedent. He was then asked if he knew of Dr. Samuel A. Levine, to which he answered that he did and that he had read some of his writings on heart condition, and that he recognized Dr. Levine as an authority on heart condition and diagnosis. However, when plaintiff's counsel undertook to read from a book written by Dr. Levine, upon objection, he was not permitted to do so. The court stated, that while a split in the decisions on the subject was recognized, it was ruling as it did because Dr. Baxter had not stated he was testifying from what any authority had to say on the subject, but rather from his own experience.

There is a very complete annotation on this subject in 60 A.L.R.2d 77. From this note it is apparent that at least four rules are applied by the courts, some of the same courts even applying different rules under slightly differing factual situations. It is clear from an examination of the decisions that where, as here, a witness has relied on his own experience and not on any certain

writer, but recognizes the writer as an authority in the field, some courts hold such evidence admissible, 60 A.L.R.2d 77, 94, whereas, others hold to the contrary. See 60 A.L.R.2d 77, 83 and 88.

Without here expressing any opinion on the question of whether in the situation here present it would have been permissible to allow the cross-examination through reading from the writings of the recognized authority, we are satisfied that the court should not be reversed for denying such cross-examination. We arrive at this conclusion from an examination of our cases setting forth the rules concerning control of cross-examination by the courts in New Mexico.

■ In State v. Carter, 21 N.M. 166, 153 P. 271, this court discussed at some length the rules to be applied in determining the limits on cross-examination, and held that the extent and method of cross-examination were largely within the discretion of the trial judge, and that this would vary according to the circumstances present in a given case, the demeanor of counsel, his method and extent of cross-examination, as well as other elements, and accordingly, that no single rule applicable in all cases could be found. Again, in Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900, it was stated that the scope of cross-examination rests largely in the discretion of the trial court. It was there suggested that it

was the better part of good judgment to resolve doubts in favor of the cross-examination rather than run the risk of excluding testimony which should have been admitted.

■■ We fully recognize that the discretion thus vested in the court is a judicial one, and cannot be exercised so as to prevent or unduly restrict the cross-examination from fully testing the credibility of the witness. State v. Talamante, 50 N.M. 6, 165 P.2d 812. However, we are not convinced that the refusal of the court to permit the question which was here ruled should not be answered, was such an abuse. Unless we can say that the court abused its discretion by its ruling sustaining objection to the question the answer to which conceivably could have misled the jury concerning the qualifications and expertness of the witness rather than effectively impeaching him, it was not reversible error to rule as the court did. Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572. This we are not prepared to say, and must accordingly hold this point to be without merit. See 60 A.L.R.2d 77, 104.

In view of our disposition of plaintiff's points, it is not necessary for us to notice or discuss what defendant has denominated in its brief as "Points in Support of Judgment." Plaintiff asserts in its reply brief that we are without jurisdiction to do so. We content ourselves with calling attention.

to Southern Union Gas Company v. Cantrell, 56 N.M. 184, 241 P.2d 1209, on the subject of cross appeal, and § 21–2–1(17)(2), N.M.S.A.1953, wherein it is specifically stated that the rules applies "in causes tried without a jury."

Having considered all points relied on for reversal, and having determined that they should be overruled, the judgment appealed from is affirmed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and NOBLE, J., not participating.