435 P.2d 212

Robert J. BUTCHER, Individually and as father and next friend of Linda Butcher, Mark Butcher and Donald Butcher, minors, and as personal representative of the Estate of Chris Butcher, Deceased, Plaintiff-Appellant,

v.

SAFEWAY STORES, INC., a corporation, Antonio S. Ortiz, Western Gillette, Inc., and Roy Hagmyer, Defendants-Appellees.

No. 57.

Court of Appeals of New Mexico

Nov. 21, 1967.

E. H. Williams, Jr., James R. Crouch, Las Cruces, for plaintiff-appellant.

E. Forrest Sanders, Las Cruces, for Safeway Stores, Inc., and Antonio S. Ortiz.

Richard C. Civerolo, C. LeRoy Hansen, Albuquerque, for Western Gillette, Inc. and Roy Hagmyer.

OPINION.

WOOD, Judge.

The complaint sought damages for wrongful death and personal injuries resulting from a car-truck collision at an intersection. The trial court granted summary judgment in favor of the defendants. Plaintiff's appeal contends there were factual issues as to the negligence of defendants and thus summary judgment was improperly granted.

Summary judgment is proper when there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Worley v. United States Borax and Chemical Corp., 78 N.M. 112, 428 P.2d 651 (1967). It is not proper where there is the slightest issue as to a material fact. General Acceptance Corp. of Roswell v. Hollis, 75 N.M. 553, 408 P.2d 53 (1965). In deciding a motion for summary judgment, the trial court must view the matters presented and considered by it in the most favorable aspect they will bear in support of the right to trial on the issues. Simon v. Wilson, 78 N.M. 491, 432 P.2d 847, opinion issued October 6, 1967; Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co., 77 N.M. 730, 427 P.2d 249 (1967).

Applying these rules, we affirm the summary judgment in favor of Gillette (Western Gillette, Inc., and Roy Hagmyer, driver of the Gillette truck). We reverse as to Safeway (Safeway Stores, Inc., and Antonio S. Ortiz, driver of the Safeway truck).

The Gillette and Safeway trucks were traveling north on a highway which had two northbound and two southbound lanes. The northbound and southbound lanes were divided. The Gillette truck was in the west northbound lane; the Safeway truck was in the east northbound lane.

Plaintiff's vehicle was traveling east on a road intersecting the highway on which the trucks were traveling.

The intersection was controlled by a flashing light. The light was amber for the trucks, red for plaintiff's vehicle. In addition, entry into the intersection by plaintiff's vehicle was controlled by a stop sign.

Plaintiff's vehicle stopped at the stop sign, crossed the southbound lanes, crossed through the median, crossed in front of (but barely cleared) the Gillette truck and was struck on the right side by the right front of the Safeway truck.

Both trucks were pulling semi trailers which were of solid construction.

Plaintiff contends that defendants were negligent in four ways. These claims assert negligence on the basis of one or more of the following: (1) lack of ordinary care, (2) violation of a statute and (3) failure to keep a proper lookout. An issue as to negligence may be based on any one of these three items. See N.M. U.J.I. 12.1, 12.2, 11.1, 9.2 and cases there cited. The contentions are:

1. *That the defendants' vehicles were being operated at a speed in excess of a safe or reasonable speed in the area where the collision occurred.* There is no claim that the trucks were exceeding the speed limit; in fact, the undisputed evidence is that the trucks were within the speed limit. The claim then is a claim that defendants violated § 64-18-1.1, N.M.S.A. 1953, because by their speed they failed to use due care. See Langenegger v. McNally, 50 N.M. 96, 171 P.2d 316 (1946).

The undisputed evidence shows that: when first observed 100 yards south of the intersection, both trucks were traveling 35 to 40 m.p.h. and at that point both trucks were slowing down. When first observed, the front of the Gillette truck was 12 to 15 feet ahead of the front of the Safeway truck. Within the 100-yard distance, the Gillette truck slowed down rapidly and upon reaching the intersection was going 5 m.p.h. The Safeway truck had not slowed down as rapidly as the Gillette truck, for upon reaching the intersection the front of the Safeway truck passed the front of the Gillette truck. Witnesses characterized the speed of both trucks as reasonable.

These facts show neither a lack of ordinary care nor speed amounting to a failure

to use due care in violation of § 64–18–1.1, N.M.S.A. 1953.

■■■ *2. That defendants' vehicles were passing one another.* There is nothing to show that the Gillette truck was passing the Safeway truck. There is evidence that after the Gillette truck slowed to 5 m.p.h., the Safeway truck was in front of the Gillette vehicle a short distance. The highway being four lane, overtaking and passing on the right is permissible. Sapp v. Atlas Building Products Co., 62 N.M. 239, 308 P. 2d 213 (1957). Under § 64–18–11, N.M.S.A. 1953, passing on the right is permitted when it can be done "in safety." As to the Safeway truck, there is a factual question as to whether it was passing, and if passing, whether the passing was in compliance with § 64–18–11, N.M.S.A. 1953. There being no evidence of passing on the part of the Gillette truck, (a) Gillette could not be liable for lack of ordinary care on this basis and (b) we do not consider the applicability of § 64–18–13, N.M.S.A. 1953. But see Minugh v. Royal Crown Bottling Co., 267 S.W.2d 861 (Tex.Civ.App.1954).

■■■ *3. That the defendants failed to heed the flashing yellow light.* Where an intersection is controlled by a flashing yellow light, § 64–16–7, N.M.S.A. 1953, requires that drivers proceed through the intersection with caution. There is evidence that both trucks slowed down, that the Gillette truck's speed was 5 m.p.h. and that one of the trucks sounded its horn. The Gillette truck was in the lead as it approached the intersection; its driver's view was unobstructed. The undisputed evidence shows that the Gillette truck approached the intersection with caution; it could not be negligent for violation of § 64–16–7, N.M.S.A. 1953.

■■■ The Safeway truck also slowed down, but not as much as the Gillette truck. As the Safeway truck approached the intersection, its driver's view was obstructed by the Gillette truck. There is a factual question as to whether the Safeway driver complied with § 64–16–7, N.M.S.A. 1953.

*4. That the defendants' vehicles drove side by side so that a clear and unrestricted view of the intersection was not available.* This raises the issue of proper lookout. See N.M. U.J.I. 9.2; Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799 (1962); Porter v. Ferguson-Steere Motor Co., 63 N.M. 466, 321 P.2d 1112 (1958).

■■■ The Gillette truck driver had an unobstructed view of the intersection; the Safeway truck driver did not. It was the Safeway truck that collided with plaintiff's vehicle. There is a factual issue as to whether the Safeway truck driver kept a proper lookout in approaching the intersection with his view obstructed. The Gillette driver could not be liable for failure to keep a proper lookout; he slowed sufficiently to avoid plaintiff's vehicle.

■■■ This fourth claim also raises the issue as to whether Gillette could be negligent as to plaintiff because its truck blocked plaintiff's driver's view of the Safeway truck. The highway was four lane with a divider; two lanes going in each direction. Gillette was driving in the west northbound lane. Gillette was proceeding in compliance with § 64–18–18, N.M.S.A. 1953; it was in a lane where it had a right to be. It cannot be liable to plaintiff for lack of ordinary care when it was where it had a right to be.

The summary judgment in favor of Western Gillette, Inc., and Roy Hagmyer is affirmed. The summary judgment in favor of Safeway Stores, Inc., and Antonio S. Ortiz is reversed. The cause is remanded with instructions to set aside the judgment in favor of Safeway Stores, Inc., and Antonio S. Ortiz and reinstate the complaint against these defendants on the docket.

It is so ordered.

HENSLEY, Jr., C. J., not participating.

SPIESS, J., concur.