452 P.2d 493

**Mary C. ALLEN, Plaintiff-Appellant,**

v.

**Nick PAPAS and Corporation of PBO Church of Jesus Christ of the Latter Day Saints, a Colorado Corporation, Defendants-Appellees.**

**No. 227.**

Court of Appeals of New Mexico.

March 14, 1969.

Robert L. Christensen, Albuquerque, for appellant.

Paul L. Butt, Shaffer, Butt & Bass, Albuquerque, for appellees.

## OPINION

SPIESS, Chief Judge.

The plaintiff sought damages for personal injury resulting from a collision between her automobile and one owned by defendant and operated by its agent. The collision occurred as plaintiff was attempting to enter her private driveway from the street. Summary judgment was entered by the court in defendant's favor upon the ground that the record before the court disclosed plaintiff to have been guilty of contributory negligence as a matter of law.

Plaintiff has appealed contending that there were factual issues as to the contributory negligence charged against her and consequently the entry of summary judgment was improper.

■ Summary judgment is not properly granted if disputed issues of material fact are present. Butcher v. Safeway Stores, Inc., 78 N.M. 593, 435 P.2d 212 (Ct.App. 1967); General Electric Credit Corporation v. Tidenberg, 78 N.M. 59, 428 P.2d 33 (1967).

■ In making a determination as to whether summary judgment should be granted the matters presented and considered by the court must be viewed in the most favorable aspect they will bear including all reasonable inferences deducible therefrom in support of the right to trial on the issues. Simon v. Wilson, 78 N.M. 491, 432 P.2d 847 (Ct.App.1967).

■ We recognize that contributory negligence is ordinarily a fact question to be

determined by the jury. Jones v. Gibberd, 77 N.M. 222, 421 P.2d 436 (1966). Where, however, reasonable minds cannot differ on the question and they readily reach the conclusion that plaintiff was negligent and that his negligence contributed proximately with that of defendant to cause the injury complained of, contributory negligence should be declared as matter of law. Giese v. Mountain States Telephone & Telegraph Company, 71 N.M. 70, 376 P.2d 24 (1962). With these rules in mind we reverse the judgment.

In support of the judgment defendant relies solely upon the proposition that the matters before the court at the time the motion was presented disclose that plaintiff was guilty of contributory negligence as a matter of law. These matters consisted of the pleadings and plaintiff's deposition from which the following appears.

The collision occurred upon Carlisle Street in the City of Albuquerque. Carlisle is a two-lane, two-way street and runs in a northerly and southerly direction. Plaintiff's private driveway, which is a double driveway, enters Carlisle from the west and is located about one hundred feet south of the intersection of Carlisle and Camino del Sol. At the time involved there was "very little traffic upon the street."

Plaintiff was proceeding within the applicable speed limit in a southerly direction upon Carlisle. As she approached or was crossing an intersecting street, Calle de Ranchero, she observed a car behind her also proceeding in a southerly direction. She then activated her right turn signals, proceeded southerly on Carlisle and crossed the next intersecting street, Calle del Sol. After crossing the intersection of Carlisle and Calle del Sol, and before plaintiff attempted to turn from Carlisle into her driveway, she testified that she lost sight of the car that had been following her. She said: "I lost them in both mirrors. I thought they had turned off one way or the other on the street, and I looked back over my right shoulder and I did not see them. Then I started into my drive and bingo."

Upon attempting the turn from Carlisle into her private driveway plaintiff swerved to the left before making a right turn to the driveway but did not cross the centerline of the street. She was almost at a stop before making the turn. In answering a question as to the method of making the turn she said:

"Well I came almost to—I slowed down and I came almost to a complete stop before I start making the turn, and I was—I can't tell you how far inside that white line, but as long as my car is, I do have to swerve out there to pull into my drive or I would hit the curb."

Plaintiff's car was struck on its right rear door as the front of the car was entering the driveway.

Defendant asserts that plaintiff was guilty of contributory negligence as a matter of law due to the violation of the following statutes of the State of New Mexico and certain ordinances of the City of Albuquerque and by the failure on plaintiff's part to keep a proper lookout. The ordinances are not before us but it is undisputed that they are identical in language with the statutes claimed to have been violated by plaintiff. The first of these is § 64–18–21(a), N.M.S.A.1953:

"The driver of a vehicle intending to turn at an intersection shall do so as follows:

(a) Right Turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway;"

The following statute is also claimed to have been violated by plaintiff; § 64–18–24(a), N.M.S.A.1953:

"No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 76 [64–18–21], or turn a vehi-

cle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement."

Defendant seeks to apply § 64–18–21(a), and of course the ordinance in the same language, to the plaintiff's intended turn into her private driveway. We do not decide whether this statute can properly be applied in this situation. If it does properly include the type of turn involved here, then, in view of plaintiff's statement and explanation, whether her approach to her driveway was made as close as practicable to the right-hand edge of the street presents an issue of fact.

Whether plaintiff violated § 64–18–24(a), supra, and the ordinance in the identical language in making her turn to the right "unless and until such movement can be made with reasonable safety" required an exercise of judgment on her part which could be made in this situation only after she had sighted the car behind her at or about the time she was undertaking the turn. Compare Zartner v. Scopp, 28 Wis.2d 205, 137 N.W.2d 107 (1965).

As we have stated, plaintiff testified in her deposition, which was before the court at the time of hearing upon the motion for summary judgment, that she did not see defendant's car behind her after she had crossed the intersection of Carlisle and Calle del Sol although she made use of her rearview mirrors and likewise looked to the rear over her right shoulder. Under these circumstances it does not appear to us that plaintiff was called upon to determine whether she could safely pass in front of defendant's car upon making her turn.

Whether the turn could be made safely is properly an element of lookout and not the propriety of making the turn at the

time. See Grana v. Summerford, 12 Wis. 2d 517, 107 N.W.2d 463 (1961).

■ The duty imposed by law upon drivers of motor vehicles is to keep a proper lookout and maintain proper control. Bryan v. Phillips, 70 N.M. 1, 369 P.2d 37 (1962).

In Ortega v. Koury, 55 N.M. 142, 227 P.2d 941 (1951), the duty imposed upon the drivers of motor vehicles upon public streets to maintain lookout is stated as follows:

"* * * It was his duty to keep a lookout and actually see what was in the street that he was using, and a failure so to do constitutes negligence on his part.

* * *

"'In order to keep a proper lookout, a motorist must do more than merely look; it is his duty to see and be cognizant of what is in plain view or obviously apparent, and he is chargeable with seeing what he should have seen, but not with what he could not have seen in the exercise of ordinary care.

"'Merely looking is not sufficient performance of the motorist's duty to keep a proper lookout. It is his duty, unless some reasonable excuse or explanation for not seeing is shown, to see what is in plain view or obviously apparent, or the things which a person in the exercise of due care and caution would see under like or similar circumstances, and to be cognizant of them and utilize the information obtained to prevent injury to himself and others. He is not absolved from liability by a failure to see what he could have seen by the exercise of due diligence, but is chargeable with seeing what he should have seen, or that which is apparent or in plain view, or which he could have seen had he looked, or with knowledge of all that a prudent and vigilant operator would have seen.'"

■ If plaintiff was as diligent in her observations to the rear as she stated in

her deposition, to which we have referred, then it would not be unreasonable to infer that defendant's car was so located to the right rear of plaintiff's car that it was not in plain view or obviously apparent to plaintiff. We think reasonable minds could believe that plaintiff did maintain a proper lookout and that defendant's car was not in plain view or obviously apparent at the time she was contemplating her turn. There is a factual question as to whether plaintiff was maintaining a proper lookout as she was undertaking her turn. We cannot say that plaintiff was guilty of contributory negligence as a matter of law.

In our opinion fact questions are presented which should be submitted to the jury. The judgment is reversed and the cause is remanded with instructions to vacate the summary judgment and proceed in a manner not inconsistent with this opinion.

It is so ordered.

OMAN, J., and MONTOYA, D. J., concur.