EDWIN McGEE v. THE STATE.

No. 11668.   Delivered June 13, 1928.
Rehearing denied May 15, 1929.

The opinion states the case.

*W. H. Forrester* and *Taylor, Atkinson & Farmer* of Waco, for appellant.

*A. A: Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was adjudged guilty of the offense of passing as true a false and forged instrument in writing and his punishment was assessed at confinement in the penitentiary for a term of two years.

The testimony shows that appellant gave to one L. C. McCall, an employee of Sanger Brothers, in the City of Waco, a check for goods purchased, which check was dated May 16, 1927, drawn on the First National Bank of Waco, Texas, payable to the order of W. H. Simpton, for the sum of $42.50, signed A. J. Bonds, with notation on face of the check "one cow," and indorsed on the back W. H. Simpton, Valley Mills, Texas; that this check was sent up to the credit man of Sanger Brothers, together with the goods purchased and appellant was asked to go up to the credit man but never did so and left both the goods and check in possession of Sanger Brothers.

The most serious question in this case to our minds is the alleged inadmissibility of evidence relating to another forgery. The State over objection of appellant introduced in evidence a check shown to have been passed to one M. C. Levy for $112.50, dated May 16, 1927, drawn on the First National Bank of Waco, payable to W. H. Simpton, signed A. J. Bonds, and indorsed by W. H. Simpton, and had marked on it "For 4 cows." There was further proof by the State that this check was presented by appellant on Saturday to M. C. Levy and was a forgery.

Proof of extraneous offenses is ordinarily not admissible. To this well known rule there are exceptions as well established as the rule itself. If identity is an issue and proof of a collateral crime tends to prove identity, it is always admissible. Underhill's Criminal Evidence, Third Edition, Sec. 155. Branch's P. C., Sec. 166. Do the facts of this case bring it within said exception? The appellant was positively identified by prosecuting witness, McCall, as the person who passed on him the forged check in question. If this testimony had not been disputed and an issue made of same by appellant, the testimony relating to the other forged check was inadmissible on the issue of identity. By the testimony of several witnesses appellant sought to establish that he was at the home of witness Woodruff continuously from and including Monday, May 16, 1927, to

the following Sunday, which included the date of the offense of Saturday, May 21, 1927, when this check was shown to have been passed. By witness Levy and others it was proven that a check drawn on the same bank payable to the same fictitious person, with the same drawee and date as the alleged forged check, and bearing a similar notation, "For 4 cows," was passed by a person whom Levy testified he believed was appellant. This was passed in the same town, some thirty miles distant from where appellant's alibi witnesses place him, on or about the same time by a party with the same name under which appellant was going when the forged check in question was passed, to-wit, W. H. Simpton. According to appellant and his witnesses, he was working for Woodruff on Monday, May 16, 1927. Yet on that date the check complained of was given for cows by a Mr. A. J. Bonds to a Mr. Simpton which showed up later in the hands of a man who signed his name as Simpton, and who was identified as appellant. Of the rule it has been said:

"Under such circumstances, it is proper to permit the state to prove any fact which will tend to identify the accused, one of which would be, that he has committed similar offenses under the same assumed name. So on an indictment under an assumed name for embezzlement it may properly be shown that the accused embezzled other sums of money under the same name. The jury should be instructed, however, that evidence of other crimes offered to identify the accused should be considered by the jury only for the purpose of establishing identity of the accused." Underhill's Criminal Evidence, Third Edition, Sec. 155, p. 208.

Mr. Branch states the rule as follows:

"Proof of other forgeries or other passing or attempted passing or possession of forged paper by defendant is admissible in evidence when such proof is a part of the res gestae, or if it tends to show intent, identity, or system when intent, identity, or system is an issue, or when it tends to defeat the defensive theory." Branch's P. C., Sec. 1412. Ham v. State, 4 Tex. Crim. App. 645. Johnson v. State, 170 S. W. 144. See also Leslie v. State, 47 S. W. 367; Wyatt v. State, 55 Tex. Crim. Rep. 73; Bateman v. State, 81 Tex. Crim. Rep. 731; Long v. State, 11 Tex. Crim. App. 387; People v. Jennings, 252 Ill. 534. See also notes 3 A. L. R. 1540.

Appellant vigorously disputed the identity of appellant by proving an alibi. It therefore was relevant to show on this issue that appellant under the same assumed name on or about the same date, in the same town, passed a check practically identical with the check de-

scribed in the indictment upon another party. This tended strongly to disprove the alibi defense and to prove identity, and to directly connect defendant with the forgery in question. Its consideration was properly limited to this purpose by the Court in his charge about which there seems to be no complaint.

The Levy transaction was fully developed, by the State to which appellant vigorously objected and has brought such matters forward by several bills of exception. What has been said above disposes of these various bills. The identification of appellant by Levy was, we think, sufficient and appellant's objections in this respect go to the weight rather than the admissibility of the evidence.

Much testimony was offered by the State from character witnesses as to appellant's bad reputation, both as to being a peaceable, law-abiding citizen and as to truth and veracity. Exception was made to the refusal of the Court to limit this testimony. Such testimony does not have to be limited when it can only be used for the purpose for which it was introduced. Leeper v. State, 29 Tex. Crim. App. 69. Branch's P. S., Sec. 189. We know of no authority holding it error to fail to limit testimony of this character. We do not think the jury could have misunderstood its purpose.

Nor did the Court err in permitting State's counsel to interrogate the character witnesses for appellant on cross-examination as to instances of bad conduct which had not eventuated in an indictment, and which tended to discredit the witnesses. Such testimony is admissible not as proof of the transaction inquired about, but as affecting the credibility and means of knowledge of such witnesses. Branch's P. C., p. 117. Howard v. State, 37 Tex. Crim. Rep. 498.

Counsel present many other bills of exception to which a commendable zeal and earnestness doubtless causes them to attach importance, but we believe they present matters so clearly without merit as to not justify the consumption of space and time in their discussion.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The appellant put in issue his character by proof of his general reputation in the community in

which he lived for honesty and fair dealing. On that issue the State introduced controverting testimony. The appellant excepted to the failure of the court to embrace in his charge an instruction to the effect that the testimony on the subject could be considered alone for the purpose of passing upon the credibility of the defendant and the weight to be given his testimony and could not be considered upon the issue of guilt of the offense charged. The request was properly refused. The evidence mentioned bore upon the question of guilt. In Underhill's Crim. Ev., 3rd Ed., p. 169, sec. 135, it is said:

"The accused may always prove his good character as a matter or right, where guilty knowledge or criminal intent is the essence of the crime, to show that it is unlikely that the accused committed the act." See also Bessing v. State, 78 Tex. Crim. Rep. 76; Wharton's Crim. Evidence, 10th Ed. Vol. 1, p. 241, sec. 58a; also p. 243, sec. 60. The case of Lee v. State, 2 Tex. Crim. App. 339, and many other authorities cited by Mr. Branch in his Ann. Tex. P. C., sec. 148, coincide with the proposition announced in the text above.

In his direct testimony the appellant, in addition to putting in issue his character generally on the question of guilt or innocence, also put in issue his general reputation by a plea seeking a suspended sentence. In his direct testimony in support of the plea he stated that he had never been convicted of a felony, but that he had some trouble in the Navy and was given a jail sentence. State's counsel in cross-examination propounded the following question:

"You were dishonorably discharged from the Navy?" Objection was made that the inquiry was immaterial. The court overruled the objection but no answer was given. The inference was that the discharge was incident to the trouble and the conviction of which the appellant testified. At least, the inquiry was in accord with his testimony. However that may be, the bill is not regarded as showing facts justifying a reversal of the judgment. The cases cited (Floyd v. State, 299 S. W. 263; Bryant v. State, 2 S. W. (2d) 848; Minor v. State, 5 S. W. (2d) 775) are distinguishable upon the facts.

The question of identity and other questions raised in the motion for rehearing were discussed at length in the original opinion. In that opinion the proper disposition is regarded as having been made of the complaints.

The motion is overruled.

*Overruled.*