Rondal **GENZEL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40339.

Court of Criminal Appeals of Texas.

May 10, 1967.

Rehearing Denied June 28, 1967.

Emmett Colvin, Jr., (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Reese, Don Koons and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for robbery by assault; the punishment, enhanced under Art. 62, Vernon's Ann.P.C., by reason of a prior conviction for a felony offense less than capital, life.

Trial was after January 1, 1966, under the 1965 Code of Criminal Procedure.

At the trial on the question of guilt or innocence, evidence was presented by the state which showed that on the evening of December 22, 1964, the appellant came into the Southland Hotel in the city of Dallas and by assault and violence and placing the cashier, Ann Stockton, in fear of life and bodily injury, took from her the sum of $231.95 in money. Appellant then left with the money and disappeared, out of sight, on Commerce Street.

In committing the robbery, appellant first exhibited a pistol to the hotel detective, J. L. Everette, who was standing behind the counter, and then to the cashier, Ann Stockton.

On January 16, 1965, appellant was arrested by Officer G. W. Hammer in front of the Maple Avenue Pharmacy in the city of Dallas. At such time appellant was wearing a hat and coat, had a white handkerchief around his face, and was carrying a pistol in his hand.

Following his arrest, appellant was identified by the prosecuting witness, Stockton, and the hotel security officer, Everette, at a police lineup, as the person who committed the robbery. Each witness also identified appellant at the trial as the man.

Appellant did not testify but called witnesses whose testimony supported his defense of alibi.

Upon return of the verdict of guilty, appellant requested that the same jury assess the punishment.

At the hearing on the question of punishment, the state offered evidence which showed that on February 20, 1961, one Rondal Genzel was finally convicted in Criminal District Court No. 2, of Dallas County, in Cause No. C–4468–HI, of the non-capital offense of robbery by assault.

This is the conviction alleged in the indictment for enhancement.

In addition, evidence was presented which showed another conviction for robbery, on the same day, against the same defendant, in Cause No. C–4469–HI in the same court.

After making such proof and while Deputy Sheriff Kitchings was testifying as to his qualifications as an expert in the field of comparison of fingerprints, the following transpired:

"THE COURT: Counsel tells me that they will agree that this is the man *which* was convicted in each of these cases and that the records are true and correct.

"MR. REESE: All right, stipulate that into the record.

"THE COURT: Two *Final Judgments* that are stipulated and been introduced into evidence and you agree that he is the man whose fingerprints are in this [sic]?

"MR. WOOSLEY: And that Exhibit 1 has been introduced as the *Indictment* as one of those *Final Judgments*, that's correct [sic].

"MR. REESE: Yes, sir, that was pertaining to the second paragraph of the *Indictment* in this case.

"MR. WOOSLEY: In other words, only got two final convictions, is that correct?

"MR. REESE: Which were offered, yes.

"THE COURT: You stipulate that this is a fact.

"MR. WOOSLEY: Yes, sir.

"THE COURT: That is the man.

"MR. WOOSLEY: Yes, sir.

"MR. REESE: Duly and legally convicted in Cause C–4468–HI and Cause No. C–4469–HI, Rondal Genzel the Defendant in this case is one and the same Defendant in those two cases; that [sic] he was convicted on the dates alleged and of the offenses alleged in both of those cases.

"THE COURT: That is agreed to, Mr. Woosley?

"MR. WOOSLEY: Yes, sir.

"THE COURT: All right, you don't need to offer any further proof of it.

"* * *

"THE COURT: Any other questions.

"MR. WOOSLEY: No, sir."

We overrule appellant's first ground of error, which is that the evidence of prior convictions is insufficient because he did not personally join in the stipulation.

■ Appellant voiced no objection to the stipulation entered into by his counsel and

counsel for the state. Under the record it appears that he acquiesced in the stipulation, and under the decisions of this court he is bound thereby. See: Spencer v. State, 154 Tex.Cr.R. 427, 227 S.W.2d 552; Locke v. State, 168 Tex.Cr.R. 507, 329 S.W.2d 873; Alexander v. State, Tex.Cr.App., 401 S.W.2d 818; and Matthews v. State, Tex.Cr.App., 414 S.W.2d 938, opinion delivered April 26, 1967.

Brookhart v. Janis, 384 U.S. 1, 16 L.Ed.2d 314, 86 S.Ct. 1245, cited by appellant, is not here controlling, because in that case counsel's agreement that only a prima facie case would be required of the state was made in the face of the accused's statement that he was in no way pleading guilty to the charge.

 In his second ground of error, appellant insists that the court erred in admitting evidence of an extraneous offense of robbery by permitting Officer Hammer to testify that when he arrested appellant at the pharmacy on January 16 he (appellant) was wearing "that hat, that coat, with a white handkerchief around his face and had that gun in his hand." Appellant objected to such testimony and moved for a mistrial on the ground that it indicated he was committing a robbery foreign to the offense for which he was on trial.

The testimony was admissible on the question of appellant's identity as the person who committed the robbery for which he was on trial.

Both witnesses to the robbery identified the hat and coat which appellant was wearing at the time of his arrest as similar to the hat and coat worn by the man who committed the robbery at the hotel. They also identified the pistol which appellant was carrying at the time of his arrest as similar to the pistol exhibited by the man in the robbery.

In his cross-examination of the two witnesses, appellant questioned their identification of him as the one who committed the robbery.

One of the exceptions to the general rule against admitting evidence of extraneous offenses is that in which the evidence tends to connect and identify the accused with the particular offense charged. McGee v. State, 112 Tex.Cr.R. 385, 16 S.W.2d 1096; Cage v. State, 167 Tex.Cr.R. 355, 320 S.W.2d 364; Williams, et al. v. State, Tex.Cr.App., 398 S.W.2d 931.

In his third and last ground of error, appellant insists that "The trial court erred in permitting the state to bolster, over objection, the testimony of unimpeached state's witnesses who identified defendant at police lineups."

In his brief, appellant does not point to any testimony which he contends bolstered the state's witnesses, and we find no objection in the record on the ground now urged. The ground of error presents nothing for review.

The judgment is affirmed.