**Finis BLANKENSHIP, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42334.**

Court of Criminal Appeals of Texas.

Nov. 26, 1969.

Alfred J. Jackson, Jr., Joe J. Johnson, Jr., Fort Worth, for appellant.

Frank Coffey, Dist. Atty., John Brady, William A. Knapp and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is accomplice to robbery by firearms; the punishment, 50 years.

Appellant presents 70 grounds of error only 5 of which are briefed and argued.

At the beginning we find no merit in the contention that the indictment failed to allege in plain and intelligible words the crime or crimes charged against appellant. The second count of the indictment under which appellant was convicted is substantially in compliance with Willson, Texas Criminal Forms, Sec. 2312. The court did not err in refusing to quash the indictment.

Appellant's motion for discovery was too broad and not sufficient to meet the requirements of such a motion under Article 39.14, Vernon's Ann.C.C.P. Hart v. State, Tex.Cr.App., 447 S.W.2d 944; Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807; Smith v. State, Tex.Cr.App., 409 S.W.2d 408, cert. den. 389 U.S. 822, 88 S.Ct. 45, 19 L.Ed.2d 73.

We perceive no error in the court's action in overruling such motion.

**478** ■

■ The refusal of the court to hear appellant's numerous pre-trial motions to suppress filed only three days prior to trial and called to the court's attention on the day of trial was not error. Article 28.01, V.A.C.C.P.; Bosley v. State, Tex.Cr.App., 414 S.W.2d 468; Sonderup v. State, supra; Smith v. State, Tex.Cr.App., 437 S.W.2d 835. The appellant was not prevented during the trial from objecting to the admissibility of any of the evidence he may have sought to suppress.

■ On the hearing on the appellant's motion for change of venue, the compurgators to such motion called by the appellant asked to withdraw that portion of their affidavits to the effect that a combination had been instigated against the appellant by certain influential persons which would prevent him from receiving a fair trial. They did testify that as a result of publicity appellant could not get a fair trial in Tarrant County.[1] Such testimony was contradicted by witnesses called by the State. After the hearing the court deferred his ruling and after the selection of a jury overruled the motion, to which action the appellant neither objected nor excepted. See Mendez v. State, Tex.Cr.App., 362 S.W.2d 841. We cannot conclude the trial judge abused his discretion in overruling such motion.

■ Appellant further contends the trial court erred in utilizing the same jury for the preliminary hearing on the issue of present insanity or mental competency to stand trial as well as the trial on the merits. He recognizes that the trial court followed the decisions of this Court in Townsend v. State, 427 S.W.2d 55 and Morales v. State, 427 S.W.2d 51, but claims, without

citation of authority, he was entitled to a new jury at the trial on the merits. We cannot agree.[2]

Next, appellant claims the evidence was insufficient to corroborate the testimony of the accomplice witnesses. See Article 38.-14 V.A.C.C.P.

The record clearly reflects that on October 7, 1967, at approximately 9 p. m. a robbery with firearms was committed at Buddie's Super Market in Euless, Tarrant County, by Odell Blankenship, Charles Crawford and John Anderson Brooks. Odell Blankenship was killed in the store and Brooks and Crawford were captured just outside the store after Crawford had been shot.

Brooks and Crawford admitted that they had participated in the robbery and did so as a result of fear generated by appellant's threats; that it was the appellant who had prepared and furnished arms for them just prior to the robbery and furnished other aid in the form of masks, sacks for money and a stolen car for transportation.

They testified that on the evening in question appellant carried them and Odell Blankenship, appellant's cousin,[3] to a parking lot of an apartment building near the supermarket and pointed out to them a blue 1966 Chevelle automobile which was later shown to have been stolen the afternoon before in Irving, Texas, from an Irving police officer; that at this time the appellant furnished the arms and aid mentioned above; that Odell Blankenship drove the Chevelle to a pay telephone where he made a call, and they then observed appellant in a Texaco service station near the supermarket just prior to the robbery.

1. The news clippings introduced were not brought forward in the record.

2. Attention is called to the fact that subsequent to the date of this trial the Legislature has amended Article 46.02, Sec. 1, V.A.C.C.P., so as to provide for separate juries on the preliminary or separate hearing on the issue of present insanity and the trial on the merits (Acts 1969, 61st Leg., R.S., Ch. 554, p. 1698 —effective June 10, 1969).

3. Also referred to in the record as appellant's nephew. Appellant in his testimony stated the relationship was that of cousins.

To corroborate the testimony of the accomplice witnesses, the State offered evidence from various witnesses that appellant arrived on the scene of the alleged robbery within 10 to 15 minutes to an hour thereafter; that he was seen in a nearby restaurant using a telephone a short time before the time of the robbery.

The pistol taken from Brooks after the robbery was traced to the store where it was purchased. The salesman testified the pistol was sold to an Alfred Schultz who bore a strong resemblance to the appellant and who also had a speech impediment. A Texas Ranger testified appellant used the alias of Alfred Schultz. Subsequently, appellant admitted purchasing the specific pistol in question prior to the robbery.

It was also shown that when appellant was arrested some three months subsequent to the robbery, the arresting officer found a nightstick in his car which was identified as having been in the blue 1966 Chevelle when it was stolen in Irving the day before the robbery. At the same time a sawed off shotgun was found in appellant's possession. The witness Crawford had testified appellant had such a weapon the night of the robbery.

It was also shown that Brooks and Odell Blankenship were living at appellant's farm at the time of the robbery and that Crawford frequently visited there and at appellant's home.

█ It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supplies the necessary corroboration. Minor v. State, 108 Tex.Cr.R. 1, 299 S.W. 422, at p. 429. Clearly the test for corroboration discussed in Edwards v. State, Tex.Cr.App., 427 S.W.2d 629 was met.

█ We find no merit in appellant's claim that the court erred in refusing to declare a mistrial when the 17 year old witness Crawford, testifying as to his fear of appellant, stated unresponsively, "I knew he shot three men." The court instructed the jury to disregard such statement, and later the appellant voluntarily testified he shot three men who came to his house and he had been no billed.

█ Appellant further complains the court erred in admitting into evidence the nightstick found at the time of appellant's arrest in Arlington on January 25, 1968. He contends the arrest was illegal and the search incident thereto invalid.

Bill Willard, an Arlington police officer, testified that on the date in question about 12:30 a. m. he was off duty and working in uniform as a night watchman for an apartment house complex in an area where there recently had been numerous thefts and coin machine burglaries; that as he turned a corner he observed three men in an automobile in the parking lot, one of whom immediately "ducked" down; that as he approached the automobile he noticed two of the men wore gloves and observed a sawed off shotgun on the floorboard of the car; that he asked for identification and appellant, sitting under the steering wheel, was the only one who identified himself; that as he asked the trio to step out of the car he saw in plain sight the nightstick protruding out from under the front seat; that after the men got out of the car one ran off.

Under the circumstances, we conclude the officer was authorized to arrest appellant and his companions without a warrant under the terms of Article 14.03, V.A.C.C.P., 1967. Any search incident to that warrantless arrest was clearly authorized and the fruits thereof admissible in evidence. Carter v. State, Tex.Cr.App., 445 S.W.2d 747. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

█ Further, it appears the nightstick and sawed off shotgun were in plain sight and were not obtained as a result of a search.

Still further, appellant complains the court erred in admitting into evidence the extraneous offense of the robbery at the

Minyard's Supermarket in Dallas County on February 12, 1968.

Evidence as to such extraneous offense was offered only in rebuttal after the appellant had offered evidence as to the defense of alibi and offered the special defense of being "framed" in the alleged robbery.

The evidence reflects that the Dallas County robbery was conducted in a similar manner as the one charged and appellant's connection was clearly established. The subsequent extraneous offense was offered to show identity, intent, system, design and to rebut the defensive theory.

As a general rule the accused in a criminal case can be convicted, if at all, only by evidence that shows that he is guilty of the offense charged. Therefore, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible. There are exceptions to this general rule.

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of person or crime, intent, motive, scienter, system and malice. Evidence of other crimes is also admissible to discredit the accused when he testifies in his own behalf, or to show his failure to have reformed, or to controvert a defensive theory advanced by him." 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300. See also 1 Branch's Ann.P.C., 2nd ed., Sec. 188, p. 200.

Where there was a denial of the robbery charged through testimony offered by the appellant as to alibi and his claim that he was being "framed," the evidence of the extraneous offense was admissible. Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612; Smith v. State, Tex.Cr.App., 409 S.W.2d 408; Schneider v. State, Tex. Cr.App., 392 S.W.2d 130; McGee v. State, 112 Tex.Cr.R. 385, 16 S.W.2d 1096; Fer-

rell v. State, Tex.Cr.App., 429 S.W.2d 901. Johnston v. State, Tex.Cr.App., 418 S.W.2d 522.

Next, appellant contends the trial court erred in failing to grant his motion for continuance urged during the course of the trial.

After both sides had rested their cases in chief, it became known that the State intended to offer in rebuttal the extraneous offense discussed above. The appellant moved for a continuance on the ground that he was taken by surprise due to this unexpected turn of events:

Article 29.13, V.A.C.C.P., provides:

"A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had."

We first observe that the motion for continuance was not in writing as required by Article 29.03, V.A.C.C.P. Further, it was shown that appellant's counsel knew of his Dallas County indictment involving the extraneous offense several weeks prior to trial.

The careful trial judge, nevertheless, recessed court from 9:30 a. m. to 2:55 p. m. to give appellant's counsel time to interview the witnesses and confer with the appellant before permitting the State to offer evidence as to extraneous offense.

We cannot agree that the trial court abused its discretion in denying this oral motion for continuance urged on the sixth day of trial.

In view of the testimony of the accomplice witnesses which made out a complete case against the appellant, the court did not err in refusing to charge on the law of circumstantial evidence. Brad-

ley v. State, Tex.Cr.App., 448 S.W.2d 476; Gutierrez v. State, Tex.Cr.App., 423 S.W. 2d 593; Washington v. State, Tex.Cr.App., 434 S.W.2d 138; Byrd v. State, Tex.Cr. App., 435 S.W.2d 508; White v. State, Tex.Cr.App., 385 S.W.2d 397; 5 Branch's Ann.P.C., 2nd ed., Sec. 2667, p. 113; 4 Branch's Ann.P.C., 2nd ed., Sec. 2555, pp. 888–889; 12A Texas Digest, Criminal Law, ☞814(17).

We have examined the remainder of appellant's grounds of error, which are not briefed or argued, and many of which do not even direct our attention to any portion of this voluminous record and find them to be without merit.

Finding no reversible error, the judgment is affirmed.