706 P.2d 855

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Ronald YOUNG, Defendant-Appellant.**

**No. 8158.**

Court of Appeals of New Mexico.

July 23, 1985.

Certiorari Denied Aug. 13, 1985.

Paul Bardacke, Atty. Gen., Alicia Mason, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, David Stafford, Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals from a conviction on one count of forgery. Two issues are presented on appeal: (1) admission of evidence of other forgeries; and (2) admission of evidence of other alleged criminal acts. We discuss defendant's first and second issues jointly. We affirm.

**FACTS**

Defendant was charged with one count of falsely making or altering the signature to a traveler's check in Bernalillo County on May 4, 1983. The indictment alternatively alleged that defendant falsely made or transferred a forged writing. Defendant entered a plea of not guilty and asserted an alibi, contending that on the date of the alleged offense he was not in Bernalillo County but was visiting his mother, son, and ex-wife in Tucumcari.

Defendant filed a pretrial motion in limine seeking to preclude each of the state's witnesses from testifying concerning any evidence that defendant had previously passed forged instruments, checks or money orders, or that defendant had issued other traveler's checks owned by Craig Stone, except the one check charged in the indictment. The trial court denied defendant's motion in limine by written order on September 23, 1983.

The prosecution took a videotape deposition of Craig Stone, the owner of the Citicorp traveler's checks, who at the time of trial was employed in Barranguilla, Columbia. Stone's videotaped testimony was introduced at trial. Stone testified that he had been issued twenty-four Citicorp traveler's checks in denominations of $100 each by his employer. He further testified that he had lost eleven of the checks and had reported them missing on November 17, 1982. Stone identified State's Exhibit No. 1 as one of the checks he had reported as missing. He also testified that the signature on the face of the traveler's check was not his, that he had never authorized anyone to cash or sign a check for him, and that the payee's name, address and phone

number written on the check were not written by him.

During trial, Nadir Abuhilu, the owner of Arrow Food Market in Albuquerque, identified defendant as the man he saw sign the traveler's check (State's Exhibit 1), and that pursuant to his direction defendant had written his address and phone number on the back of the check. Abuhilu testified that he was acquainted with the defendant and that defendant had cashed bad checks in his store on prior occasions.

In addition to securing the admission of State's Exhibit No. 1, the State also, over objection, offered into evidence five other traveler's checks (State's Exhibits 2 through 6) owned by Craig Stone and allegedly lost or stolen and subsequently cashed by some unknown person or persons.

## ADMISSION OF EVIDENCE OF OTHER ACTS

(a) Defendant contends that admission of evidence concerning the forgery or illicit negotiation of the other checks (State's Exhibits 2 through 6), not charged in the indictment, constituted prejudicial error and was contrary to NMSA 1978, Evid.Rule 402 and 403 (Repl.Pamp.1983).

Evidence Rule 402 provides:

All relevant evidence is admissible, except as otherwise provided by constitution, by statute, by these rules or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

Evidence Rule 403 also provides in applicable part that evidence, although relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury...."

Additionally, NMSA 1978, Evid.Rule 404(b) (Repl.Pamp.1983) states:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

■ In order to establish a proper foundation and establish the requisite relevancy sufficient to permit the admission of exhibits, the evidence must in some manner be connected with the defendant, the victim, or the crime itself. *State v. Gray,* 79 N.M. 424, 444 P.2d 609 (Ct.App.1968).

As noted in 1 C. Torcia, *Wharton's Criminal Evidence* Section 155 at 285 (13th ed. 1972), "[t]o be relevant, it is not necessary that evidence relate directly to the facts in controversy. Evidence may be relevant even if it constitutes circumstantial evidence that a fact in issue did or did not exist. There is no distinction ... with reference to relevance, between direct and circumstantial evidence."

Closely analogous to the present case is *McGee v. State,* 112 Tex.Cr.R. 385, 16 S.W.2d 1096 (1928). In that case, defendant was charged with passing a forged check. The defendant, McGee, was identified by the prosecuting witness as the person who had presented and passed the forged check to him. Defendant challenged the accuracy of the witness' identification of him and offered the testimony of several alibi witnesses to establish that he was elsewhere at the time of the charged offense. The Texas Court of Criminal Appeals upheld the admission of evidence of another forgery, different from the offense charged against the defendant. The court held in applicable part:

Proof of other forgeries or other passing or attempted passing or possession of forged paper by defendant is admissible in evidence when such proof ... tends to show intent, *identity ... or when it tends to defeat the defensive theory.* [Citations omitted.]

*Appellant vigorously disputed the identity of appellant by proving an alibi.* It therefore was relevant to show on this issue that appellant under the same assumed name on or about the same date, in the same town, passed a

check practically identical with the check described in the indictment. . . .

16 S.W.2d at 1097 (emphasis added).

Similarly, in *State v. Garcia*, 80 N.M. 21, 22–23, 450 P.2d 621 (1969), the supreme court held that generally, "evidence of collateral offenses is inadmissible to prove guilt of a specific crime . . . [b]ut there are exceptions to the rule. . . . [The evidence is admissible] where proof of collateral offenses tend to identify the person charged with the commission of the crime on trial. . . . Such evidence is also admissible to rebut the defense of alibi. . . ." (Citations omitted.) *See also Annot.*, 34 A.L.R.2d 777 (1954).

■ Each of the traveler's checks admitted as evidence against defendant was relevant to the charge against him. State's Exhibits 1 through 6 were owned by Craig Stone and were lost or stolen from him in California. Each of the checks was negotiated or presented for payment in Albuquerque within the dates of May 4, 1983 and May 10, 1983. Evidence of the six checks, the purchase orders, and requests for refunds constituted circumstantial evidence bearing upon defendant's identity and were properly admissible to disprove the defense of alibi. Defendant challenged the accuracy of his identification by Nadir Abuhilu and denied that he was the same person the store owner had seen cash State's Exhibit No. 1. During defendant's case-in-chief, defendant testified that he was never in the Arrow Food Market during the month of May 1983, and that he left Albuquerque on May 4, 1983 to visit with his mother, son and ex-wife in Tucumcari. He stated he remained in Tucumcari until May 11, 1983 when he returned to Albuquerque. The six traveler's checks, the purchase agreements, and the refund application were relevant as circumstantial evidence tending to establish that defendant was physically present in Albuquerque between May 4, 1983 and May 10, 1983, in contradiction of defendant's testimony.

■ To refute a claim of alibi, the state may present any evidence which tends to prove that the accused could have been present at the time the alleged offense was committed and that the alibi defense is not true. *Wharton's Criminal Evidence*, § 221; *see also State v. Garcia; State v. Wright*, 84 N.M. 3, 498 P.2d 695 (Ct.App. 1972).

Defendant additionally argues that an insufficient foundation was presented in order to properly admit State's Exhibit 1 through 9 into evidence. We disagree.

Joseph J. McLaughlin, supervisor in the refund department which investigated claims of lost or stolen traveler's checks for Citicorp Bank, testified that Citicorp kept a record of the name of each purchaser of its checks. McLaughlin identified business records of Citicorp, including State's Exhibit 9, comprising an application for refund signed by Craig Stone and reporting that a number of traveler's checks including State's Exhibits 1 through 6, owned by him had been lost or stolen.

McLaughlin also identified State's Exhibits 7 and 8 (consisting of Citicorp traveler's check purchase agreements and a written request for refund). Following McLaughlin's identification of State's Exhibits 1 through 6 (Traveler's Checks), Exhibit 7 (Traveler's Check purchase agreements), Exhibit 8 (request for refund), and Exhibit 9 (refund processing form), the trial court admitted each of these exhibits into evidence. Defendant objected to the admission of the exhibits on the grounds of "lack of foundation" and "hearsay."

Issues similar to those asserted by defendant in the instant case were also discussed in *United States v. Riggins*, 539 F.2d 682 (9th Cir.1976), *cert. denied*, 429 U.S. 1045, 97 S.Ct. 749, 50 L.Ed.2d 758 (1977). There, the accused was charged with causing a number of forged traveler's express money orders to be transported in interstate commerce. Defendant denied any culpability in the offense and claimed that he had been falsely implicated by a former girlfriend. The federal court upheld the admission into evidence, against defendant, of other stolen money orders and another check, in addition to the ones

specifically charged in the indictment. The court in *Riggins* held:

> The charged and uncharged money orders were stolen in the same burglary, filled in with an identical check protector, and cashed in the same locale at approximately the same time. The uncharged check ... was made out to William White rather than to Shibuya, as were the charged checks.... Riggens ... denied knowing White, but the government introduced evidence to the contrary.... The jury could infer from this evidence that Riggens' defense that ... [his former girlfriend] was the moving figure in the scheme and had "framed" Riggins was untrue....
>
> Since the uncharged check made out to White was clearly relevant in rebutting Riggens' defense, it was admissible even though it disclosed another offense ....

*Id.* at 683–84 (emphasis added).

In the present case, Abuhilu testified that he observed defendant sign the traveler's check identified as State's Exhibit 1 and that the countersignature on the face of the check and the signature and address on the back of the check were written by defendant at the witness' store in Albuquerque. The other traveler's checks (Exhibits 2 through 6) each contain stamped endorsements or written notations indicating they were negotiated or presented for payment in Albuquerque during the first part of May 1983, within a few days of the time State's Exhibit 1 was cashed, and during the time that defendant testified he was not present in Albuquerque.[1]

■ During its case-in-chief, the prosecution called Ralph E. McMannis, a handwriting and disputed document examiner. McMannis testified that he had examined handwriting exemplars of defendant, State's Exhibits 1 through 6, and that in his opinion, all of the countersignatures on the face of the traveler's checks were simulations of the genuine signature of Craig

Stone on face of the checks. McMannis also testified that the address of 904 Pacific, Southwest, the phone number on the back of State's Exhibit 1 and 3, and the other handwriting contained in State's Exhibit 10 (handwriting exemplars of defendant), "were probably written by one and the same person." Proof that an accused participated in a forgery may be proved by either direct or circumstantial evidence and the person whose signature is forged is not an indispensible witness. *State v. Lopez*, 81 N.M. 107, 464 P.2d 23 (Ct.App.1969), *cert. denied*, 81 N.M. 140, 464 P.2d 559 (1970).

The state contends that defendant's general objection on the ground of "lack of relevancy" and "hearsay" was properly overruled by the trial court because the grounds stated in the objection were insufficient to warrant exclusion of the proffered exhibits. We agree.

■ The articulated grounds stated in defendant's objection to the admission of the exhibits were properly overruled by the trial court. The check purchase agreements, the refund application, and the refund processing form were admissible as exceptions to the hearsay rule under NMSA 1978, Evid.Rule 803(6) (Repl.Pamp. 1983) as records kept in the course of a regularly conducted business activity. McLaughlin testified that Exhibits 7 through 9 were customarily maintained by Citicorp in the normal course of business in order to process and handle requests for refunds of lost or stolen traveler's checks. This testimony adequately identified the exhibits and established their relevance to the offense for which defendant was charged.

One of the general requirements of introducing demonstrative or physical evidence, including writings, at trial is that the evidence must be authenticated. This means that someone must lay a sufficient foundation so that the trier of

---

1. The traveler's check State's Exhibit No. 1 was cashed on May 4, 1983. The five other traveler's checks had dates indicating they were cashed between May 4 and May 10, 1983 in Albuquerque.

fact is able to determine that the evidence is what it is supposed to be.

. . . .

Rule 901 [Federal Rules of Evidence] establishes a general provision that the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponents claim. S. Saltzburg & K. Redden, *Federal Rules of Evidence Manual* 696–97 (3d ed. 1982) (Editorial Explanatory Comment); *see also Callaway v. Mountain States Mutual Casualty Co.*, 70 N.M. 337, 373 P.2d 827 (1962); *State v. Ruiz*, 94 N.M. 771, 617 P.2d 160 (Ct.App.1980).

█ Each of the traveler's checks were shown to have been lost or stolen at the same time in California, the checks were presented or cashed during a period of a few days in Albuquerque, and each of the checks bore closely numbered serial numbers to the one which Abuhilu testified had been negotiated by defendant.[2] The handwriting on two of the checks (Exhibits 1 and 3) was identified by McMannis as being similar to defendant's handwriting. Three of the checks (Exhibits 2, 4 and 5), like Exhibit 1, were cashed at grocery stores, tending to show the existence of a common scheme. Sufficient foundation existed to permit the admission of the exhibits. Evid.R. 404.

█ Defendant alternatively argues that even if the evidence of other offenses was relevant, nevertheless, its prejudicial effect outweighed any probative value. Again, we disagree. Evidence Rule 403 requires the trial court to balance the relevance of evidence sought to be presented against the danger of undue prejudice to the defendant. Admission or exclusion of evidence is a matter within the sound discretion of the trial court and will only be overturned on appeal upon a clear showing of an abuse of discretion. *State v. Valdez*, 83 N.M. 632, 495 P.2d 1079 (Ct.App.), *cert.*

*denied*, 409 U.S. 1077, 93 S.Ct. 694, 34 L.Ed.2d 666 (1972); *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App.1978), *cert. denied*, 449 U.S. 860, 101 S.Ct. 163, 66 L.Ed.2d 77 (1980). Where evidence is properly admissible under any theory, the trial judge's decision to admit the evidence will be affirmed. *State v. Ballinger*, 99 N.M. 707, 663 P.2d 366 (Ct.App.1983).

(b) As part of the state's · case-in-chief, the proprietor of the grocery store, Abuhilu, was called to identify defendant as the individual who cashed the traveler's check named in the grand jury indictment. Defendant had sought, by his pretrial motion in limine, to limit Abuhilu's testimony to the one traveler's check he was charged with having illegally forged or negotiated. During the witness' testimony, the prosecutor asked Abuhilu to describe what had happened on the day defendant allegedly forged the check at his store. Abuhilu responded: "Because I knew that man . . . ." At this point defense counsel interrupted the witness and objected to the testimony on the ground that any previous business dealings by the witness and the defendant were not "relevant". The objection was overruled. Abuhilu then continued, "I knew this man from about three years back and I have lost a lot of money to him with other checks." Defendant did not again object to the witness' response or to any subsequent statements made by the witness during the remainder of his testimony.

█ Defendant directly challenged the accuracy of the store owner's identification of him as the person who negotiated the traveler's check on May 4, 1983. Evidence of an independent crime is admissible when such evidence tends to assist in identifying the defendant as the person who perpetrated the charged offense. *State v. Lord*, 42 N.M. 638, 84 P.2d 80 (1938); Evid.R. 404(b); *State v. Garcia.*

---

**2.** State's Exhibit 1 bore Citicorp traveler's check serial number 8226–257–315. Exhibits 2 through 6 bore traveler's check serial numbers 8226–257–314, and 8226–257–316 through 8226–257–319.

**320**

The trial court properly overruled defendant's initial objection which was in response to the prosecution's question as to "what happened on the date that defendant allegedly forged the check at his store." This was a proper preliminary question. Following the court's ruling on defendant's objection, the answer given by the witness was in part unresponsive and went beyond the question posed. The witness' reply injected the statement that "I have lost a lot of money to him with other checks."

 Defendant failed to object or move to strike the unresponsive portion of the witness' answer. Defendant now argues on appeal that this portion of the witness' response constituted evidence which was not relevant and constituted prejudicial evidence of other bad acts or offenses admitted contrary to Evidence Rule 404 and NMSA 1978, Evid.Rule 608 (Repl.Pamp.1983). Defendant failed to timely voice an objection to this portion of the witness' testimony at trial and defendant did not ask the court to strike the witness' response, or offer a curative jury instruction. NMSA 1978, Evid.R. 103(a)(1) (Repl.Pamp.1983). In objecting to evidence, it is the duty of counsel to alert the court to the specific basis for the objection, so that the court may rule intelligently. *State v. Casteneda*, 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982). Under this posture, this evidence did not constitute prejudicial or plain error, and the trial court properly allowed the testimony into evidence.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.