In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00335-CR
_____

**SAMUEL CHARLES VANNESS IV, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 22367**

**MEMORANDUM OPINION**

Appellant Samuel Charles Vanness IV (Vanness) was indicted by the Polk

County Grand Jury for "Driving While Intoxicated 3rd or More."[1] *See* Tex. Penal

Code Ann. §§ 49.04, 49.09(b) (West Supp. 2013). A jury found Vanness guilty,

---

[1]The indictment alleged that Vanness did "unlawfully while intoxicated, namely not having the normal use of his mental and physical faculties by the reason of the introduction of alcohol into his body, drive and operate a motor vehicle in a public place[.]" The indictment also alleged two prior convictions for driving while intoxicated.

1

and the trial court sentenced him to nine years in prison. Vanness timely filed a notice of appeal.

## Stipulations

Prior to the beginning of the trial, the defendant's trial attorney filed a motion to suppress any evidence relating to a mandatory blood draw. At the suppression hearing, the State and Vanness stipulated "that the fact that the blood was drawn, that it was tested or what the results were will not be offered or admitted into evidence in the trial of this case."

During the trial, defense counsel also announced another stipulation on the record as follows:

| | |
|---|---|
| [Defense Counsel]: | Your Honor, in this case the State has pled that the Defendant has two prior convictions for DWI, same being Cause No. 2009-0039 in County Court at Law, dated June 29th, 2009; and Cause No. 2009-0920 in the County Court at Law, dated March 1st of 2010. |
| | Both the State and the Defendant stipulate as to these prior convictions, and there is no issue as to that. We're stipulating they are valid convictions at this point. |
| THE COURT: | All right. Thank you very much. We ready to bring the jury in? |

## Evidence Presented at Trial

At trial, the State did not offer any evidence of Vanness's blood alcohol level. The State submitted Exhibits 1 and 2 as evidence of the two prior convictions alleged in the indictment. Exhibit 1 included a judgment, dated June 29, 2009, for driving while intoxicated, and Exhibit 2 included a judgment, dated March 1, 2010, for driving while intoxicated. Defendant did not object to either Exhibit 1 or 2, and the exhibits were admitted into evidence.

The State called Onalaska police officer, Josh Alexander, as its only witness at trial. Alexander testified that on the evening of February 23, 2012, he observed a red truck that appeared to be speeding on Navaho Trail. Alexander verified the speed of the vehicle on his patrol car radar and stopped the truck for traveling 31 miles per hour in a 20 mile per hour speed zone. Alexander identified the defendant, Vanness, as the driver of the truck. When Alexander first spoke to Vanness, Alexander smelled alcohol coming from inside the vehicle. Alexander asked Vanness to step out of his vehicle, and at that time, Alexander could also smell the odor of alcohol coming from the defendant's person. Alexander testified that Vanness had red bloodshot eyes and slightly slurred speech. Vanness stated he had "a little bit" to drink and had just left a bar that was identified as "Hookers on the Lake."

3

Officer Alexander testified that he administered three standardized field sobriety tests and some non-standardized tests. When Alexander administered the horizontal gaze nystagmus test to Vanness, and Alexander "observed lack of smooth pursuit, sustained nystagmus, maximum deviation, the onset of nystagmus prior to 45 degrees and also vertical nystagmus." Next, Alexander administered the "walk and turn" test. He observed Vanness "step off the line. . . [,] raise his arms more than six inches away from his body," make "an improper turn," and miss "heel to toe." Alexander performed the "one legged stand" test during which Vanness put his foot down several times, and, in the counting part of the test, kept starting over while counting. Alexander also administered the "finger count" test during which Vanness touched his fingers in the wrong order and miscounted. Alexander administered the "handclap test," the Rhomberg evaluation, and the "nose touch" test. The only test that Vanness performed satisfactorily was the "nose touch" test. Based on his experience as an officer in the field, and on Vanness's performance on the tests, Alexander determined that Vanness "had lost the use of his mental or physical faculties due to the introduction of alcohol into his body," and that he was intoxicated. The State also introduced the edited dash video of the traffic stop without objection from the defendant. At the time of the arrest, Vanness was very belligerent and vulgar.

4

The defense called two witnesses, Karen Dardin and Vanness. Dardin, Vanness's mother, testified that Vanness has had anger management or temper problems since he was very young and that his cursing at the officers and his acting out in the patrol car had nothing to do with the alleged intoxication. Vanness told the jury that he only drank two beers before he left the bar and that he was not intoxicated when he left the bar.

## Issues on Appeal

Vanness raises two issues on appeal. In his first issue, he argues the evidence adduced at trial was legally insufficient to support the jury's verdict. In his second issue, he contends the evidence at trial was legally insufficient to support his conviction because there was insufficient evidence to identify him as the same person who committed the two prior DWI offenses. We conclude that both issues are without merit and we affirm the judgment.

## Standard of Review

The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), is the standard we apply in determining whether the evidence is sufficient to support a conviction. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks* v. *State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)). "[A]

reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Winfrey*, 393 S.W.3d at 768 (citing *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011)). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Winfrey*, 393 S.W.3d at 768. In making a legal sufficiency review, we may not reexamine the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We afford almost complete deference to the jury's credibility determinations. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

<u>Legally Sufficient Evidence Supports the Verdict</u>

In his first issue, Vanness argues the evidence adduced at trial was legally insufficient to support the jury's verdict. He points out that the State did not introduce any evidence of his blood alcohol level, implies that the testimony of Alexander about the field sobriety tests was insufficient, and references testimony from Vanness who denied being intoxicated.

In a prosecution for driving while intoxicated, the State may prove intoxication by reason of a loss of faculties (a subjective definition) or by reason of

6

blood alcohol concentration (per se definition). *See* Tex. Penal Code Ann. § 49.01(2) (West 2011); *Crenshaw v. State*, 378 S.W.3d 460 (Tex. Crim. App. 2012).

> A person commits the offense of DWI "if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE § 49.04(a). Intoxication is an element of DWI, and the Texas Penal Code sets out two definitions of "intoxicated." The subjective definition of intoxicated is "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of these substances, or any other substance into the body." *Id.* § 49.01(2)(A). The per se definition of intoxicated is "having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2)(B). These definitions overlap and are not mutually exclusive. *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010).

*Crenshaw*, 378 S.W.3d at 466.

The State presented evidence of intoxication under the subjective definition of intoxication—i.e., a person's loss of his faculties by reason of the introduction of alcohol into the body. Having reviewed the record and the evidence presented at trial, and considering all of the evidence in a light most favorable to the verdict, we conclude that there is legally sufficient evidence to support the jury verdict. More specifically, the evidence presented to the jury from which the jury could have concluded Vanness was legally intoxicated included the following: At the time of the initial stop, Alexander smelled alcohol coming from inside the vehicle and from Vanness; Vanness had blood shot eyes and slurred speech; Vanness told Alexander that he (Vanness) had "a little bit" to drink and that he just left a bar;

7

Alexander administered standardized field sobriety tests and non-standardized tests that indicated Vanness was intoxicated; Alexander was an experienced officer, and based upon his training and observations, he concluded that Vanness was driving while "intoxicated" and "had lost the use of his mental or physical faculties due to the introduction of alcohol into his body." Without objection from the defendant, the State also introduced the edited traffic-stop video. According to the record, the video confirms that Vanness was belligerent and vulgar. Furthermore, the State introduced Exhibits 1 and 2 containing records of the two prior convictions, as alleged in the indictment, and the defense attorney stipulated to the prior DWI convictions.

Even though Vanness denied he was intoxicated and gave testimony contrary to the evidence and testimony of Officer Alexander, the jury, as the sole fact finder and judge of witness credibility, was well within its province to believe the testimony of Officer Alexander, disbelieve the opposing testimony offered by Vanness, and thereby rationally determine that Vanness was legally intoxicated because he did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We conclude that based on the evidence and reasonable

inferences therefrom, a rational fact finder could have found the essential elements of the crime for which Vanness was indicted beyond a reasonable doubt.

Vanness is Precluded from Raising a Legal Sufficiency Challenge
Relating to the Stipulation as to the Prior Offenses

In his supplemental appellate brief, Vanness argues there was insufficient evidence presented at trial of the two prior DWI convictions. He admits that defense counsel stipulated on the record during the trial to both prior convictions, but Vanness contends that the State should not be allowed to rely upon the stipulation because Vanness "did not personally agree to that stipulation and . . . that, without his agreement on the record to this stipulation, it was not valid and cannot be used as proof" that he was the person referred to in the prior convictions in the indictment. We disagree.

Defense counsel can make a stipulation on the record as to the evidence or some element of the case on behalf of his client, and the defendant's silent acquiescence to a stipulation made in open court by the defense attorney in front of the defendant is binding on the defendant. *Matthews v. State*, 414 S.W.2d 938, 939 (Tex. Crim. App. 1967); *Genzel v. State*, 415 S.W.2d 919, 921-22 (Tex. Crim. App. 1967).

With respect to proof related to the two prior offenses, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant

9

is linked to that conviction. *Flowers v. State,* 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove a prior conviction. *Id.* The State may use various methods of proof, including but not limited to, documentary evidence, a defendant's admission, or a stipulation. *Id.*; *Bryant v. State,* 187 S.W.3d 397, 401 (Tex. Crim. App. 2005). Once defense counsel makes a stipulation regarding prior offenses, the stipulation effectively withdraws the facts from issue and dispenses with the need for the State to introduce further proof thereof. *Bryant*, 187 S.W.3d at 401-02. The stipulation is "a kind of judicial admission." *Id.* at 402. Accordingly, Vanness is precluded from making a legal sufficiency challenge to the stipulation that his attorney made to the two prior DWI offenses. *See id.* at 401-02 (A stipulation waives a defendant's right to challenge the absence of proof on the stipulated elements.); *see also Smith v. State*, 158 S.W.3d 463, 464-65 (Tex. Crim. App. 2005) (Even a stipulation to a conviction that was otherwise too remote to serve as a jurisdictional predicate for a felony DWI will be enforced.).

The stipulation wholly dispensed with the need of any further proof regarding the prior offenses. *See Bryant,* 187 S.W.3d at 402. Accordingly, we hold

the evidence was legally sufficient to establish the prior convictions, and we overrule issue two.[3]

The trial court's judgment is affirmed.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on June 27, 2014
Opinion Delivered July 9, 2014
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[3]In addition to the stipulation made by Vanness's attorney during the trial, the State introduced Exhibits 1 and 2 which contained copies of documents purporting to establish Vanness's prior convictions, and the record reflects that he did not object to those exhibits.